# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUSTIN CREDICO,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　*Defendants*. | Civil Action No. 15-1127 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Justin Credico, a *pro se* prisoner, brings this action under the Freedom of Information Act ("FOIA") against Defendant Department of Homeland Security ("DHS"), seeking to compel a response to his FOIA request. In lieu of answering, DHS filed a motion to dismiss or, in the alternative, for summary judgment, explaining that it never received Plaintiff's FOIA request and that, accordingly, Plaintiff failed to exhaust his administrative remedies. The Court then discovered that there was reason to believe Plaintiff had three strikes under the Prison Litigation Reform Act and ordered the parties to file supplemental briefs on that issue. Defendant provided citations demonstrating that Plaintiff had indeed accumulated three strikes, while Plaintiff argued that the three-strikes rule is unconstitutional. Having considered the relevant issues, the Court concludes that the three-strikes rule is constitutional as-applied to Plaintiff's case and that it bars him from proceeding *in forma pauperis* because he has accumulated three strikes in previous litigation. This case is, accordingly, **DISMISSED** without prejudice.

## I.     BACKGROUND

Under the Prison Litigation Reform Act ("PLRA"), a court may authorize the commencement of an action without requiring the prepayment of the filing fee—known as proceeding *in forma pauperis*, or "IFP"—if the prisoner submits both an affidavit demonstrating that he is unable to pay the fee and a certified copy of his prison trust fund account statement for the preceding six months. *See* 28 U.S.C. § 1915(a). This does not absolve the prisoner of responsibility to pay the filing fee, but it permits the Court to "assess and, when funds exist, [to] collect, as a partial payment of any court fees required by law, an initial partial filing fee" calculated in accordance with the statute. *Id.* § 1915(b)(1). Subsequent monthly payments are deducted from the prisoner's trust account. *Id.* § 1915(b) (2). Where a prisoner is unable to make even installment payments, however, the PLRA still permits the prisoner to bring suit under "a 'safety valve' provision," which directs that "'[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial fee.'" *Thomas v. Holder*, 750 F.3d 899, 904 (D.C. Cir. 2014) (Tatel, J., concurring) (quoting 28 U.S.C. § 1915(b)(4)).

At issue here is the so-called "three-strikes rule," which bars prisoners from proceeding under these provisions "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

There is a statutory exception to the rule if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).[1]

Plaintiff in the present case is a *pro se* prisoner who brought an action under FOIA, 5 U.S.C. § 552.  He alleges that he submitted a FOIA request to DHS but received no response.  *See* Dkt. 1 at 5.  At the time Plaintiff filed this action, he also filed a motion for leave to proceed IFP pursuant to the PLRA.  *See* Dkt. 2.  This Court granted him leave to so proceed on July 15, 2015, directed that he pay an initial, partial filing fee of $3.54, directed that he pay 20% of his income credits from the preceding month to his trust fund account, and required that he make the remaining payments each time his trust fund account exceeds $10 until the remaining balance of the $350.00 filing fee is satisfied.  *See* Dkt. 4.

DHS moved to dismiss or, in the alternative, for summary judgment, arguing that Plaintiff had not exhausted his administrative remedies because DHS had never received his FOIA request.  *See* Dkt. 10 at 5.  Plaintiff, in turn, moved for a subpoena *duces tecum*, asking the Court to order production of a copy of his prison's mail logbook, which would allegedly prove that he had indeed sent his FOIA request.  *See* Dkt. 8 at 1.  Plaintiff has since cross-moved for summary judgment as well.  *See* Dkts. 17–18.  In the course of considering these motions, the Court reviewed an unpublished opinion from the Third Circuit that indicated that Plaintiff had previously conceded that he had accumulated three strikes under 28 U.S.C. § 1915(g).  *See Credico v. BOP FDC Warden of Philadelphia*, 592 Fed. App'x 55, 56 (3rd Cir. 2014).  In light

---

[1] The D.C. Circuit has also recognized that the three-strikes rule does not apply to certain actions brought in habeas corpus, as habeas petitions are not considered "civil actions" for purposes of the PLRA.  *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039–42 (D.C. Cir. 1998).  This exception carve-out does not apply, however, to habeas actions challenging prison conditions, which remain subject to the PLRA's filing-fee requirements.  *See id.* at 1042; *cf. Thomas*, 750 F.3d at 905 (Tatel, J., concurring).

of this information, the Court ordered the parties to "address whether this case should be dismissed without prejudice on the grounds that Plaintiff has 'three strikes' under 28 U.S.C. § 1915(g)." Feb. 2, 2016, Minute Order. The Court further provided that, in the alternative, "Credico may pay the filing fee on or before [March 2, 2016]." *Id.* The parties each timely responded to the Court's order. *See* Dkts. 20, 21.[2]

The Court now concludes that Plaintiff is subject to the three-strikes bar and thus can proceed only if he pays the entire filing fee. Because he has not done so, the Court must dismiss the complaint without prejudice.

## II.     DISCUSSION

The government has demonstrated that Credico has accumulated three strikes. *See Credico v. Milligan*, 544 F. App'x 46, 48 (3d Cir. 2013) ("[W]e will dismiss Credico's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law."); *Credico v. Unknown Official for U.S. Drone Strikes*, 537 F. App'x 22, 23 (3d Cir. 2013) ("Accordingly, we hold that this appeal is frivolous, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."); *Credico v. CEO Idaho Nat. Lab.*, 461 F. App'x 78, 79 (3d Cir. 2012) (same). This alone is sufficient to establish that Credico may not proceed without paying the filing fee in its entirety. As a result, the Court need not review all 54 cases identified by the government in which Plaintiff has appeared as a plaintiff, petitioner, or intervenor. *See* Dkt. 21 at 3; Dkt. 21-1 at 2.

Plaintiff does not dispute that he has three strikes. Instead, he argues that the three-strikes rule is unconstitutional because it inhibits his access to the courts. *See* Dkt. 20 at 6–7.

---

[2] Plaintiff also filed a "Reply" to the Court's order. *See* Dkt. 22. The Court did not grant leave for either party to file reply briefs in response to the Court's February 2, 2016, Minute Order, but it did review the filing and concludes that it raises no new arguments that need to be addressed.

"Courts have confronted, in diverse settings," the question whether financial barriers to litigation meet constitutional muster, *M.L.B. v. S.L.J.*, 519 U.S. 102, 110 (1996) (internal quotation marks omitted), and has held that "in certain situations, a litigant is constitutionally entitled to a waiver of filing fees," *Asemani v. USCIS*, 797 F.3d 1069, 1076 (D.C. Cir. 2015). "The primary circumstance in which the Constitution requires waiver of court fees is when an indigent person challenges his criminal conviction." *Id.* Beyond that, the Supreme Court has "recognized a narrow category of civil cases in which the [government] must provide access to its judicial processes without regard to a party's ability to pay court fees." *M.L.B.*, 519 U.S. at 113. That category, however, is limited to cases involving "fundamental interest[s]," like the interest in "establishing or dissolving a marriage," *id.* at 114–15, or the interest in challenging the termination of parental rights, *id.* at 128. But, "[a]bsent a fundamental interest or classification attracting heightened scrutiny," the government's "need for revenue to offset the expense of its court system" provides sufficient justification to enforce fee requirements. *Id.* at 115–116. As a result, "a constitutional requirement to waive a court fee in civil cases is the exception, not the general rule," *id.* at 114; it does not, for example, extend to fees required to obtain a bankruptcy discharge, *see United States v. Kras*, 409 U.S. 434, 446–48 (1973), or to litigation brought challenging the termination of welfare benefits, *see Ortwein v. Schwab*, 410 U.S. 656, 659–61 (1973) (per curiam).

Most recently, the D.C. Circuit applied these principles to an action brought in federal district court seeking to compel the U.S. Citizenship and Immigration Service to grant the plaintiff a hearing on the denial of his application for naturalization. *See Asemani*, 797 F.3d at 1076. As here, the district court initially granted the plaintiff's IFP application but subsequently concluded that he did not qualify in light of the PLRA's three-strikes rule. *Id.* at 1073. The

plaintiff there challenged the merits of that decision and also argued, as Plaintiff does here, that the PLRA was unconstitutional as applied to his case. *Id.* Notwithstanding the substantial interest that immigrants may have in naturalization, the D.C. Circuit held that the PLRA was constitutional as-applied. As the Court observed, naturalization "lacks many of the indicators that the [Supreme] Court has found important in delimiting the 'narrow category of civil cases in which the State must provide access to its judicial processes without regard to a party's ability to pay court fees.'" *Id.* at 1078 (quoting *M.L.B.*, 519 U.S. at 113). The immigration process, the Court explained, does not directly "'control[] or intrud[e] [up]on family relationships.'" *Id.* (quoting *M.L.B.*, 519 U.S. at 116). It is not "'quasi criminal in nature.'" *Id.* (quoting *M.L.B.*, 519 U.S. at 116). And, "like bankruptcy discharge[s]" and "welfare benefits," it "involves a discretionary benefit conferred by statute." *Id.*

The same result applies here with even greater force. The right to obtain records under FOIA exists solely by virtue of statute. It does not implicate any fundamental interest, like family relationships. Indeed, if anything, Plaintiff's interest in pursuing his FOIA request involves an interest less substantial than an interest in obtaining a bankruptcy discharge, welfare benefits, or a hearing on the denial of a naturalization application—all of which courts have held are insufficient to trigger a right of access without paying relevant fees. And FOIA is not, by any stretch, a procedure for challenging a criminal conviction or other wrongful confinement. All that DHS asserts here, moreover, is that it never received Plaintiff's FOIA request. Plaintiff remains free to resubmit his request. Finally, although Plaintiff alludes to a "5th Amendment property and due process issue," Dkt. 20 at 4, he has filed only a FOIA claim. Even under the most liberal reading—as necessary in a case involving a *pro se* plaintiff—his complaint does not seek any redress for a Fifth Amendment violation. Plaintiff must do far more than mention a

6

Fifth Amendment or due process interest in a supplemental brief to invoke the "narrow" constitutional right to judicial access without paying court fees.  The Court, accordingly, holds that the PLRA's three-strikes rule, 28 U.S.C. § 1915(g), is not unconstitutional as applied to Plaintiff's FOIA claim.

### III.   CONCLUSION

Because Credico has three strikes under 28 U.S.C. § 1915(g), and because he is not "under imminent danger of serious physical injury" under that statute, he cannot proceed with his claim unless he pays the filing fee.  His claim is therefore **DISMISSED** without prejudice.  Because the case is dismissed, the Court need not reach the merits of the case nor consider any evidence pertaining to the merits.  The pending motions, *see* Dkts. 8, 10, 18, are therefore **DENIED** as moot.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 11, 2016